

EOD
03/05/2018

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| TRACY ANDREW WESTEN and | § | Case No. 17-40030 |
| LINDA LAWSON | § | Chapter 7 |
| | § | |
| Debtors. | § | |

**MEMORANDUM OPINION AND ORDER**
**OVERRULING IN PART AND SUSTAINING IN PART**
**TRUSTEE'S OBJECTION TO DEBTORS' EXEMPTIONS**

This matter is before the Court following a hearing on January 30, 2018 on the Objection to Exemptions (the "Objection") filed by the Chapter 7 Trustee, Mark A. Weisbart (the "Trustee"). The Trustee objects to the categorization of certain artwork as exempt "home furnishings" under Texas Property Code § 42.001(a) by Tracy Westen and Linda Lawson (the "Debtors"). The Court exercises its core jurisdiction over this contested matter, *see* 28 U.S.C. §§ 157(b) and 1334, and makes the following findings of fact and conclusions of law, *see* FED. R. BANKR. P. 7052 and 9014.

**BACKGROUND**

The Debtors filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") on January 3, 2017. In their Schedule A/B, the Debtors listed their personal property, which included "Collectibles" valued at $41,450.00. In their Schedule C, the Debtors claimed these "Collectibles" as exempt "home furnishings" pursuant to Texas Property Code § 42.002(a)(1). In particular, their Schedule C claimed as exempt one painting located at a storage facility as well as all other artwork, including "[p]osters, prints, paintings, sculptures, figurines and [G]erman mugs" (collectively, the "Artwork").

1

For many years prior to bankruptcy, the Debtors lived in a large, architecturally significant home in California. They sold their California home and purchased a new home in Texas in 2013. The most valuable asset included on the Debtors' Schedule A/B is the 5,129 square foot home that they purchased, in cash, for $1,305,000.00 on April 21, 2013. The Unsworn Declaration of Tracy Andrew Westen, attached as Exhibit A to the Debtors' response to the Trustee's Objection, includes a statement that the Artwork was not "purchased with the intent to resell it" and "has been on display" in the Debtors' current home and previous homes for approximately "50 years."

In his Objection, the Trustee argues that "collectibles" are not "home furnishings" under Texas Property Code § 42.002(a). Alternatively, the Trustee argues that if the Debtors' collectible Artwork may be exempted under that statute, then the aggregate fair market value of the Debtors' exempt personal property exceeds the statutory limit of $100,000. The Debtors argue in response that "home furnishings" should be interpreted to encompass artwork that is used for the purpose of decorating one's home.

The Court heard the Objection on January 30, 2018. The parties appeared and presented arguments in support of their respective positions. At the conclusion of the hearing, the Court sustained the Trustee's objection, in part, for the reasons announced on the record and explained more fully in this memorandum opinion.

## DISCUSSION

The commencement of a bankruptcy case creates an estate encompassing all legal and equitable interests in property of the debtor as of the petition date, including any property that might potentially be exempt. 11 U.S.C. § 541(a). A debtor may then exempt certain property from the bankruptcy estate by claiming either the federal

exemptions provided by § 522(d), or any other exemptions provided by applicable federal, state, or local law.  11 U.S.C. § 522(b).  If a debtor chooses state exemptions, the bankruptcy court must look to state law to interpret the state exemption rights.  *In re Bradley,* 121 B.R. 306, 312 (Bankr. N.D. Tex. 1990), *rev'd on other grounds,* 960 F.2d 502 (5th Cir. 1992).  *See also In re Moody,* 77 B.R. 580, 590 (S.D. Tex. 1987) ("Bankruptcy courts must resort to state law for an interpretation of state exemption rights in homesteads."), *aff'd,* 862 F.2d 1194 (5th Cir 1992).

    The Debtors in this case elected Texas exemptions.  Courts in Texas interpret the exemption statutes broadly.  *In re Harwood*, 404 B.R. 366, 405 (Bankr. E.D. Tex. 2009), aff'd, 427 B.R. 392 (E.D. Tex. 2010), *aff'd*, 637 F.3d 615 (5th Cir. 2011) (citing *Alsup v. Jordan*, 6 S.W. 831, 833 (1887)) ("it is evident that the legislature did not intend to limit the exemptions to such things as are necessaries to a family"); *In re Peters*, 91 B.R. 401, 408 (Bankr. W.D. Tex. 1988) (citing *Gaddy v. First National Bank*, 283 S.W. 472 (Tex. 1926)) ("[i]t has been said that exemption laws are subjected to the most liberal construction that the Court can possibly give").  Exemptions not only allow a debtor to retain functional items for a household, but serve also to "assure survival with a modicum of dignity.... It is a fundamental precept of the exemption laws of this state that a court must ever safeguard a debtor's dignity from the ravages of creditor collection."  *In re Leva*, 96 B.R. 723, 727 (Bankr. W.D. Tex. 1989).

    Here, in order to determine the exemptability of the Debtors' Artwork, the Court must examine § 42.002(a) of the Texas Property Code.  Section 42.002(a) categorizes the types of personal property that may be claimed as exempt under state law, and the list includes "(1) home furnishings, including family heirlooms."  In addition, Texas Property

Code § 42.001(a)(1) limits this exemption to personal property "provided for a family" with "an aggregate market value of not more than $100,000."

The Texas Property Code does not define "home furnishings." However, the term "home furnishings" reflects a broadening of the exemption statute over the years. Until 1973, Texans were entitled to claim as exempt "all household and kitchen furniture." Art. 3832, 1948 Revised Civil Statutes of Texas. In 1973, the statute was changed to permit the exemption of "furnishings of a home" instead of the more narrowly-tailored term "furniture." Art. 2836, 1973 Revised Civil Statutes of Texas. The current Texas Property Code continues to reflect the use of the term "furnishing" as opposed to "furniture." The bankruptcy court discussed the meaning of these changes in *Harwood*, as follows:

> If this general approach to the determination of the breadth of articles protected can be said to have changed over the years, it has only been broadened. The descriptive adjectives "household" and "kitchen" have given way to "home," "furniture has been supplanted by the broader term "furnishings," and the legislature has avoided the application of any test of reasonable necessity upon the scope of the protection. Thus, citizens of this State have historically exercised some degree of discretion in the selection of items that can be protected from seizure from their homes, subject to the statutory monetary limits imposed upon their exemption claims, and certainly it must be recognized that the list of items which may be protected will change over time. However, the consistent "purpose of the exemption is to pick up the sorts of items one might furnish one's house with.

*Harwood,* 404 B.R. at 405 (citing *In re Leva*, 96 B.R. at 738).

In *Harwood*, the bankruptcy court determined that the debtor could not exempt his photography and hobby equipment as home furnishings. *Id.* at 406. Other bankruptcy courts have likewise explored the limits of the "home furnishings" exemption under Texas Property Code §§ 42.001(a) and 42.002(1). In *Leva*, for example, the

4

bankruptcy court determined that a mobile phone is not a home furnishing because while it may be a telephone, its "very portability suggests it was designed to accompany the debtor, not the house in which the debtor lives." *In re Leva*, 96 B.R. at 738. In *In re Wilkinson*, 402 B.R. 756 (Bankr. W.D. Tex. 2009) the bankruptcy court determined that antique guns, each affixed to a wooden plaque bearing a brass plate describing the weapon and adorning the debtors' home, were not exempt as home furnishings. And in *Peters*, the bankruptcy court determined that personal artwork (i.e. artwork not held for speculative purposes, investment or resale) fit within the home furnishing exemption. *In re Peters*, 91 B.R. at 404.[1]

More recently, in *In re Clark*, 2017 WL 5505135 (Bankr. W.D. Tex., Nov. 13, 2017), the bankruptcy court determined that "baseball cards" and "NASCAR collectibles" did not fall within the scope of the "home furnishings" exemption. In so holding, the court framed the exemption's purpose to exempt "the sorts of items one might furnish one's house with." *Id*. at *3-4. A common usage of "collectible" on the other hand, the court found was "an object that is collected by fanciers," "an item worth collecting; of interest to a collector" or as "'any object that people want to collect as a hobby." *Id*. Given these common definitions, the court concluded that the purpose of a collectible "is for accumulation by hobbyists, not for furnishing one's house." *Id.* at *4.

The Court, having considered the parties' arguments as well as the relevant authorities, concludes that artwork, under the right circumstances, can qualify as exempt "home furnishings" under Texas law. In particular, in this case, to the extent the Artwork is actually used to furnish the Debtors' home and is not being held for investment purposes, it may be claimed as exempt subject to the monetary cap on exemptions set

---

[1] The aggregate value of the artwork was below the statutory limit in *Peters*. *See id*. at 403.

forth in Texas Property Code § 42.001(a).  These are factual issues that remain to be developed and determined following a future evidentiary hearing.

For all of these reasons, it is **ORDERED** that the Trustee's Objection to Exemptions is **SUSTAINED IN PART** and **OVERRULED IN PART**.

Signed on 3/5/2018

*Brenda T. Rhoades*  SR
HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE